IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER | § | |
| | § | |
| OF | § | CIVIL ACTION NO. 4:24-CV-00101 |
| | § | |
| WILLIAM PERRY | § | |

**HARRIS COUNTY SHERIFF'S CIVIL SERVICE COMMISSION'S**
<u>**NOTICE OF REMOVAL**</u>

**TO THE HONORABLE U.S. DISTRICT COURT:**

Harris County Sheriff's Civil Service Commission "Commission") files this Notice of Removal pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446 and respectfully shows as follows:

## I.
## PROCEDURAL BACKGROUND

1. On November 30, 2023, Plaintiff William Perry ("Plaintiff" or "Perry") filed his Original Petition Appeal of the Decision of the Harris County Sheriff's Civil Service Commission ("Original Petition") in Cause No. 2023-83049; *In the Matter of William Perry*, in the 113th Judicial District Court of Harris County, Texas (the "State Court Action"). Perry named Commission and Harris County, Texas ("County") as parties.

2. Perry served Commission and County on December 11, 2023.

3. On January 2, 2024, Commission timely filed its Original Answer to Perry's Original Petition.

4. On January 2, 2024, County, on behalf of the Harris County Sheriff's Office, timely filed its Original Answer to Perry's Original Petition.

5. On January 9, 2024, Commission filed its First Amended Original Answer to Perry's Original Petition.

1

6. Commission will promptly file this Notice of Removal in the State Court Action with the clerk of the State Court and will give written notice to Perry and County.

## II.
## NATURE OF THE SUIT

7. Perry was a former employee of County in the Harris County Sheriff's Office. Perry's employment with County was separated, and Perry appealed County's separation decision to Commission. Following a hearing before Commission, Commission upheld County's separation decision.

8. Perry now appeals the decision of Commission under TEX. LOC. GOV'T CODE §158.037, alleging that Commission deprived him of his Due Process rights under the Fourteenth Amendment of the United States Constitution as well as the Constitution of the State of Texas, and violated state law.[1] Specifically, Perry alleges Commission failed to provide Perry with sufficient time to refute the allegations made against him during the hearing appealing the County's separation decision.[2]

## III.
## GROUNDS FOR REMOVAL

9. This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1331 because this matter presents a federal question under the Fourteenth Amendment of the United States Constitution. Specifically, Plaintiff alleges the Commission violated the Due Process Clause under the Fourteenth Amendment by failing to provide him with sufficient time to refute and present evidence against the allegations made against him.[3] *See also Gray v. Bexar*

---

[1] Exhibit B, Original Petition at p. 3 ("Perry's due process rights were violated"), p. 33 ("[Perry] complains that in its ruling the [Commission] was in violation of a constitutional or statutory provision") p. 34-36 (referring to due process under the Due Process Clause of the United States Constitution and alleged violation of state law), p. 37 (alleging hearing "did not uphold the standards of due process as derived from…The Constitution of the State of Texas, or the basic rights afforded citizens under the U.S. Constitution as applied to the states under the 14th Amendment").
[2] *Id*. at p. 3.
[3] *See*, fn. 1, *supra*.

*County Sheriff's Civil Service Com'n*, 129 F.3d 610, *2-3 (5th Cir. 1997) (affirming district court grant of summary judgment in appeal brought under TEX. LOC. GOV'T CODE §158.037 and removed to federal court based on alleged causes of action under U.S. Constitution).

10. This Court has supplemental jurisdiction over Perry's unnamed state law claim under 28 U.S.C. §§1367 and 1441(c) because Perry's state law claim and federal law claim are so related that they form the same case or controversy. Specifically, Perry alleges that the Commission allegedly violated state law, the Texas Constitution, and the Fourteenth Amendment of the U.S. Constitution by imposing a time limit for the Commission hearing.[4]

## IV.
## REMOVAL IS PROCEDURALLY CORRECT

11. Perry served Commission on or about December 11, 2023. This Notice of Removal is filed within the thirty (30) day statutory time period pursuant to 28 U.S.C. §1446(b).

12. Perry served County on or about December 11, 2023. Counsel for Commission has conferred with counsel for County, and County consents to the removal of this action.[5]

13. Pursuant to 28 U.S.C. §1446(a) and Local Rule 81, attached to this Notice are the following:

- Exhibit A – Citations of Process on Commission and County;[6]
- Exhibit B – Plaintiff's Original Petition (filed on November 30, 2023);
- Exhibit C – Exhibit 1 to Plaintiff's Original Petition;
- Exhibit D – Exhibit 2 to Plaintiff's Original Petition;
- Exhibit E – Commission's Original Answer;
- Exhibit F – Harris County's Original Answer;
- Exhibit G – Commission's First Amended Original Answer;
- Exhibit H – State Court's Docket Sheet;
- Exhibit I – January 3, 2024, Email correspondence with counsel for County
- Exhibit J – Index of Matters Being Filed; and

---

[4] *Id*.
[5] Exhibit I, January 3, 2024, Email correspondence from counsel for County consenting to removal.
[6] As of the date of this filing, executed citations have not been filed.

- Exhibit K – List of All Counsel of Record.[7]

14. Pursuant to 28 U.S.C. §1446(a), Commission removes this matter to the Houston Division of the United States District Court for the Southern District of Texas because Plaintiff's lawsuit is pending in Harris County, Texas. *See also* 28 U.S.C. §124.

15. Pursuant to 28 U.S.C. §1446(d), Commission will provide written notice to Plaintiff and County and will file a copy of this Notice of Removal with the Clerk in the State Court Action.

## V.
## PRAYER

WHEREFORE, Commission respectfully requests that the above-titled action be removed from the 113th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: */s/ Diana Pérez Gomez*
Diana Pérez Gomez
State Bar No. 24041674
Steven J. Knight
State Bar No. 24012975
Leslie T. Tan
State Bar No. 24046998
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
Facsimile: (713) 658-2553
diana.gomez@chamberlainlaw.com
steven.knight@chamberlainlaw.com
leslie.tan@chamberlainlaw.com

**ATTORNEYS FOR HARRIS COUNTY SHERIFF'S CIVIL SERVICE COMMISSION**

---

[7] Commission will file the record of the proceeding under review with the Court following this removal. To the extent necessary and out of an abundance of caution, the Commission requests additional time to file the record of the proceeding.

## **CERTIFICATE OF SERVICE**

On January 10, 2024, pursuant to Federal Rule of Civil Procedure 5, this Notice of Removal was sent to:

David J. Batton
Robin M. Foster
3130 N. Fwy
Houston, Texas 77009
***Attorneys for Plaintiff***

Christian D. Menefee
Jonathan G.C. Fombonne
Natalie G. DeLuca
Melissa G. Martin
Carson Bailey
OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress St.
Houston, Texas 77002
***Attorneys for Harris County***

            */s/ Diana Pérez Gomez*
            Diana Pérez Gomez