# EXHIBIT C

# Exhibit 1

Unofficial Copy Office of Marilyn Burgess District Clerk

# HARRIS COUNTY SHERIFF'S OFFICE
# CIVIL SERVICE REGULATIONS

**ADOPTED**

**MAY – 1982**

**REPRINTED WITH AMENDMENTS**

**OCTOBER - 1986**

**JULY - 1990**

**NOVEMBER - 1993**

**AUGUST - 1994**

**MAY - 1995**

**MARCH – 1997**

**JANUARY – 1999**

**APRIL - 2001**

**NOVEMBER - 2002**

**JANUARY - 2003**

**APRIL - 2004**

**JULY 2005**

**MAY - 2007**

**SEPTEMBER – 2008**

**SEPTEMBER – 2009**

**FEBRUARY – 2010**

**APRIL – 2013**

**JUNE – 2021**

**JULY – 2021**

**APRIL – 2023**

## CIVIL SERVICE COMMISSION

**JAY R. ALDIS, COMMISSIONER/CHAIRMAN**
**MELANIE MILES, COMMISSIONER**
**MICHAEL R. HARRIS, COMMISSIONER**
**KIARA GRADNEY, COMMISSIONER**
**SUSANA MOLINA, COMMISSIONER**
**JAMIKA WESTER, COMMISSIONER**
**ARVA HOWARD, COMMISSIONER**

Unofficial Copy Office of Marilyn Burgess District Clerk

# I N D E X

| RULE | DESCRIPTION |
|------|-------------|
| 1 | Authority, Amendment |
| 2 | Definitions |
| 3 | Administration |
| 4 | Position Classification |
| 5 | Compensation Plan |
| 6 | Employment Criteria |
| 7 | Hours in Week, Outside Employment, Overtime, Legal Holidays and Leaves of Absence |
| 8 | Probation and Disciplinary Probation |
| 9 | Certification and Appointment |
| 10 | Records and Reports |
| 11 | Prohibitions and Penalties |
| 12 | Disciplinary Actions and Appeals |
| 13 | Grievances |
| 14 | Promotions and Eligibility Lists |
| 15 | Performance Evaluations |
| 16 | Tenure, Layoffs and Reductions in Rank, Resignations, Retirement, Demotions, Seniority |
| 17 | Intrabureau Transfers, Interbureau Transfers |
| 18 | Employee Development |
| 19 | Civil Service Rights of Exempt (Unclassified) Employees |

Unofficial Copy Office of Marilyn Burgess District Clerk

**RULE 1**

**AUTHORITY, AMENDMENT**

1.01    **<u>AUTHORITY</u>** :

Pursuant to the authority of Sections 158.031 through 158.040 of the TEXAS LOCAL GOVERNMENT CODE, the Civil Service Commission hereby adopts these rules that have the force and effect of law.

1.02    **<u>PURPOSE</u>** :

These rules are prescribed for the purpose of promoting professionalism in law enforcement and assuring all employees in the classified service of the Harris County Sheriff's Department of fair and impartial treatment at all times subject to Civil Service and Departmental standards and appeal rights as set forth in these rules.

1.03    **<u>CONFLICT OF LAW</u>** :

Nothing in these rules shall be so construed as to be in conflict with the laws of the State of Texas or the United States of America.

1.04    **<u>SEVERABILITY</u>** :

If any rule, section, paragraph, sentence, clause or phrase of these rules is declared unconstitutional or void for any reason, such decision shall not affect the validity of the remaining portions of these rules.  The Civil Service Commission hereby declares that it would have prescribed and adopted these rules, and each rule, section, paragraph, sentence, clause and phrase hereof, irrespective of the fact that any one or more rules, sections, paragraphs, sentences, clauses, or phrases be declared unconstitutional or void.

1.05    **<u>AMENDMENT OF RULES</u>** :

Amendments to the rules herein adopted for the establishment, administration, and maintenance of the Harris County Sheriff's Department Civil Service Commission may be made by following the publishing procedure provided in Rule 3.06.

1.06    **<u>EFFECTIVE DATE</u>** :

All rules and amendments shall become effective immediately upon their adoption by the Civil Service Commission unless some later date is specified therein.

1.07    **<u>COPIES</u>** :

A copy of these rules and a copy of all subsequent rules or amendments shall be sent as soon as practical after adoption to the Commissioners Court and the Sheriff of Harris County and District Attorney, and a copy shall be maintained in the office of the Civil Service Commission for public inspection.

Amended 4/01

# RULE 2

## DEFINITIONS

2.01   **APPEAL** means a request in writing by an employee of the Sheriff's Department addressed to and filed with the Commission in the manner and within the time provided by these rules, seeking an investigation, review, or hearing of facts therein represented to constitute a deprivation or impairment of rights vested in such employee as a member of the classified service.

2.02   **CIVIL SERVICE STAFF** means the employee in the office of the Civil Service Commission.

2.03   **CLASSIFICATION** means the title of an individual position in the classified service and also the process by which the proper title and pay level for each position are determined.

2.04   **CLASSIFICATION LIST** means an orderly arrangement and description of types of positions by separate and distinct classes, each class recognized on the basis of similar duties and responsibilities in the classified service.

2.05   **CLASSIFIED EMPLOYEE** means an employee occupying a position in the classified service.

2.06   **CLASSIFIED SERVICE** means all positions in the Sheriff's Department except those specifically placed in the unclassified service by law.

2.07   **COMMISSION** means the Sheriff's Department Civil Service Commission.

2.08   **COMMISSIONER** means a member of the Sheriff's Department Civil Service Commission.

2.09   **COMPENSATION** means the salary, wages, fees, allowances, and all other forms of valuable consideration earned by or paid to any employee by reason of service in any position, but does not include allowances or expenses authorized and incurred as incidents to employment.

2.10   **COMPENSATION PLAN** means a schedule of salaries and wages established by County Commissioners Court for the several classes of positions included in the classified plan.

2.11   **COMPETITIVE EXAMINATION** means an examination in which the candidates are in competition and from which the eligibility list is promulgated.

2.12   **DEMOTION** means the transfer of an employee from a position in one class to a position of lower classification or salary range, or a reduction in pay without such transfer unless such reduction is part of a general plan to reduce salaries for that class of position.

2.13   **DIRECTOR** when used alone, means the Director of the Sheriff's Department Civil Service Commission.

2.14   **DISCIPLINARY PROBATION** means a probationary period to accompany certain disciplinary actions taken by the Department.

2.15   **DISMISSAL** means the act of dispensing with or terminating the services of an employee.

2.16   **DISMISSED** discharged, removed means the separation of an employee from his position for cause.

2.17   **ELIGIBLE** designates the status of a person whose name has been placed on an employment, re-employment or promotional list for a given class.

2.18   **ELIGIBILITY LIST** means any of the lists of names of persons who have been found qualified through suitable tests for promotion to positions in the classified service, or who have been approved for interbureau transfer, and includes lists and transfers list.

2.19   **EMPLOYEE** means a person legally occupying a position in the Sheriff's Department.

2.20    **EMPLOYEE LIST**   means a list of names of persons arranged in order of acceptance by the Harris County Sheriff's Department as provided by these rules, who have met all minimum basic requirements for employment, and who are entitled to have their names certified by authorities for original appointment under these rules.

2.21    **EXAMINATION**   means all tests of fitness, taken together, that are applied to determine fitness of applicants for positions of any class in the classified service.

2.22    **HEARING OR PUBLIC HEARING**   means a session of the Commission held for the purpose of receiving evidence and reaching a decision with respect to matters or issues appropriately submitted to it for determination.

2.23    **PERFORMANCE OF SERVICE RATING**   means the evaluation by an employee's supervisor of the manner in which said employee's service was rendered.

2.24    **POSITION**   means a group of current duties and responsibilities, assigned or delegated by competent authority, requiring the full-time employment of one person.  A position may be occupied or it may be vacant.

2.25    **PROBATIONARY PERIOD**   means length of time during which an employee is on trial (working test period) and is expected to prove his complete fitness for his position; an employee may be in a probationary period after his original appointment, after transfer, after promotion, and/or for disciplinary reasons.

2.26    **PROMOTIONAL EXAMINATION**   means all tests of fitness for determining the eligibility of applicants for promotion.

2.27    **PROBATIONARY EMPLOYEE**   means an employee who has not completed a period of probation after appointment in a classified position.

2.28    **PROMOTIONAL LIST**   means a list of names of persons arranged in order of merit as provided by these rules, who have been found qualified for promotion to a higher position.

2.29    **REINSTATEMENT LIST**   means a list of names of persons arranged in order of merit as provided by these rules, who have occupied positions in the classified service, who have separated from the classified service or were demoted and who are entitled to have their names certified to the appointing authorities under the provisions of these rules.

2.30    **RULE**   means a rule or regulation officially adopted by the Sheriff's Department Civil Service Commission.

2.31    **SCORE**   means grade attained by a person for promotion in the Sheriff's Department.

2.32    **SENIORITY**   means years, months, and days gained by an employee through length of service within a given classification, organizational unit, or total service with the Harris County Sheriff's Department.

2.33    **SUSPENSION**   means the period of time during which an employee, through disciplinary action of a superior, is forbidden to work and may or may not be denied salary.

# RULE 3

## ADMINISTRATION

3.01    These rules shall apply to all classified employees of the Harris County Sheriff's Department except those specifically exempt by law as follows:

(a)  the position of Chief Deputy;

(b)  one or more positions in the office of departmental legal counsel; and

(c)  additional positions in the department; not to exceed twenty-five (25) in number, that have been determined by the Civil Service Commission to be administrative or supervisory positions; provided, however, that the sheriff may not designate as exempt any position in the deputy classifications of captain or below. The designation of any such additional exempt position by the sheriff shall not diminish the number of positions within the deputy classifications of captain or below.

3.02    **MEMBERS AND TERMS OF THE COMMISSION** :

(a)  The Commission shall consist of seven members. The Sheriff, Commissioners Court and the District Attorney shall each appoint two persons to serve as members of the Civil Service Commission that administers the system, and the three appointing authorities shall appoint one member by joint action requiring the affirmative vote of each of the authorities.

(b)  The initial member appointed jointly shall serve a term of two years and the initial members appointed by each appointing authority shall determine by lot which one of the two initial members appointed by the appointing authority will serve a term of two years and which initial member appointed by that authority will serve a term of one year.

(c)  The Sheriff of Harris County shall designate one commissioner to be chairman of the commission.

(d)  A vacancy shall be filled by appointment by the entity that originally appointed the Commissioner, and the appointee shall serve until the expiration of the term of the Commissioner being replaced, unless reappointed to a subsequent term.

3.03    **MEETING OF THE COMMISSION** :

The Civil Service Commission shall hold regular meetings, <u>by call of the Chairman</u>, and such special meetings as may be necessary for the transaction of the business of the Commission.

3.04    **QUORUM OF THE COMMISSION** :

At least three commissioners shall preside at any hearing and vote on the final decision in any case involving termination, demotion, or recovery of back pay. Four Commissioners shall constitute a quorum for the transaction of any other Commission business.

3.05    **RULES OF THE COMMISSION** :

The Commission shall make such rules and regulations for the proper conduct of its business as it shall find necessary and expedient to carry out its responsibilities.

3.06   **PUBLISHING OF RULES** :

(a) The adoption or amendment of any rule shall be made only at a regular meeting of the Commission. At such meeting any rule or amendment of a rule may be adopted by majority vote of the Commission.

(b) Whenever the Commission shall have adopted any such rules or amendments to existing rules, it shall cause the same to be reduced to writing and publish same by:

   1. Mailing a copy of all such rules and regulations to the Sheriff.

   2. Posting all such rules at a conspicuous and public place for a period of seven (7) days in the main office building of the Sheriff's Department.

   3. Mailing a copy of all such rules to each substation or any location where more than three classified employees are permanently assigned.

(c) The Director of the Civil Service Commission shall keep on hand copies of said rules for free distribution to employees of the Sheriff's Department requesting same, and said rules and regulations shall be kept available for inspection by any interested citizen.

(d) Classification plans and eligibility lists may be established by the Commission, but the same will be published in the manner set out in Rule 3.06 (b) above.


3.07   **POWERS AND DUTIES OF THE COMMISSION** :

The duties of the Commission shall be to adopt rules:

(a) To ensure the fair selection of candidates for employment with the Harris County Sheriff's Department and promotion within the classified service in open competition and to make proper reports and recommendations with reference thereto to the Sheriff and his staff.

(b) To conduct investigations and hearings and pass upon complaints, by or against any employee in the classified service in reference to demotion, suspension or dismissal of such employee in accordance with the provisions of these rules.

(c) To hear and pass upon such other matters that are within the purview of the Commission as the Director from time to time may bring before the Commission for determination and recommendations.

(d) To formulate proper procedures and rules for semi-annual efficiency (performance) rating of all classified employees of the Harris County Sheriff's Department.

(e) To formulate a position classification plan for the Harris County Sheriff's Department.

(f) To appoint a Director of the Harris County Sheriff's Department Civil Service Commission.

(g) To represent the public interest in the improvement of personnel administration in the Sheriff's Department.

(h) To advise the Sheriff on problems concerning personnel administration.

(i) To make and publish an annual report, and such special reports as it considers desirable to the Sheriff regarding personnel administration in the Sheriff's Department and recommendation for improvement therein.

(j) To perform such other duties as may now or hereafter be required by law.

3.08    **POWERS AND DUTIES OF DIRECTOR** :

The Director shall have the power and it shall be his duty:

    (a)  To recommend for action by the Sheriff's Civil Service Commission of Harris County:

        1.  Rules and regulations for the proper administration and development of the merit system for employees in the Sheriff's Department.

        2.  Establishment of a classification plan for all positions affected herein, based upon similarity of duties and responsibility assumed.

        3.  Rules and regulations for the establishment and conduct of competitive examinations.

        4.  Recommendations of such other rules necessary to provide for the efficient administration of the Commission.

    (b)  To prepare and recommend to the Commission a personnel evaluation rating plan.

    (c)  To certify names of eligible individuals to appointing authority for filling vacancies in the Sheriff's Department.

    (d)  To act as administrative office of the Commission.

    (e)  To serve as secretary to the Commission, to see to the keeping of the minutes and records thereof, and in all other proper ways to facilitate the actions and proceedings of the Commission.

    (f)  To recommend all employees of the Commission and to direct and supervise their work.

    (g)  In conjunction with the personnel officer of the Sheriff's Department, to establish and maintain a roster of all Sheriff's department personnel, showing as to each employee the class title of the position held, the salary of pay, any change in class title, pay or status, and any other necessary data.

    (h)  To recommend to the Sheriff and his staff training and education programs for employees in the Sheriff's Department.

    (i)  To direct and control, under the customary financial procedures of the County, the expenditures from appropriations for the Commission.


3.09    **MINUTES OF THE COMMISSION**   :

The Director, or in case of his absence or disability, the person acting for him shall attend all regular meetings of the Commission, shall act as its secretary and record its official action in the minutes.  The minutes of the proceedings of the Commission shall be prepared and maintained by the Director subject to the approval of the Commission. Any person shall be authorized by the Director to examine such minutes at such times and under such conditions as the Commission may prescribe, upon statement of reason.

3.10   **APPEALS TO THE COMMISSION**:

   (a) An employee in the classified service of the County who feels he / she has been aggrieved by the action of any appointing authority, may file a written complaint appealing the Sheriff's disciplinary action to the Commission. Appeals shall be de novo, which is without reference to any prior conclusions or assumptions made by a previous administrative process. The complaint must include the complainant's name, counsel name and contact information, date of the disciplinary action, date of the Sheriff's appeal decision (if applicable) and a brief summary of the issue being appealed. The Commission, within its exclusive discretion, may grant a hearing on the matters submitted and conduct any investigation that may assist the Commission.

   (b) To perfect the complaint's right to appeal, any such written complaint must be filed, via email, with the Director within 10 days of either receiving notice of the disciplinary action or notice of the Sheriff's appeal decision, whichever is later,  <u>whereupon</u> It shall be the duty of the Director to transmit within 1 business day an acknowledgment of the filed appeal along with a copy of the appeal to the Complainant, Sheriff, Chair of the Commissioner, and the person complained against.

3.11   **RULES OF ORDER**:

The Commission shall not be bound by any rules of order, evidence, or procedures in its meetings, hearings, or investigations, except such rules as it may itself establish. The Commission is an administrative body, which may use the Texas Rules of Civil Procedure and Evidence as guides; however, it is not specifically bound by any technical rules of evidence or procedure.

Amended  7/95, Amended 4/01, Amended 7/21

**RULE 4**

**POSITION CLASSIFICATION**

4.01    **CLASSIFIED AND UNCLASSIFIED SERVICES** :

(a) The classified service will include all positions in the Harris County Sheriff's Department except those specifically exempted by law.

(b) The unclassified service will consist of the Sheriff of Harris County and any of the following positions that the Sheriff may designate:

1. the position of Chief Deputy;

2. one or more positions in the office of departmental legal counsel; and

3. additional positions in the department;  not  to exceed twenty-five (25) in number, that have been determined by the Civil Service Commission to be administrative or supervisory positions; provided, however, that the sheriff may not designate as exempt any position in the deputy classifications of captain or below.  The designation of any such additional exempt position by the sheriff shall not diminish the number of positions within the deputy classifications of captain or below.

4.02    **CLASSIFICATION PLAN** :

(a) The classification plan for classes of positions in the Harris County Sheriff's Department, with such amendments as may be made thereto from time to time, will constitute the "classification plan" for positions in the department.

(b) The classification plan for the administration of the Civil Service System in the Harris County Sheriff's Department, including the number of positions of each classification, will be approved by the Sheriff, Harris County Commissioners Court, and the Civil Service Commission.  Such classification plan will be on file in the office of the Civil Service Commission.

4.03    **CLASS SPECIFICATIONS** :

(a) The Sheriff and his staff will develop and maintain a description or specification for each class in the classified service.

(b) Class specifications describe the positions and the duties, authority, and responsibilities of employees assigned to positions in each class.  In determining the class to which any position will be allocated, the class specification will be considered in its entirety in relation to other classes in the classification plan and will be used as a guide to the assignment, direction, and control of the work of any employee; in passing upon the eligibility of candidates for the positions; in evaluating qualifications of applicants; and in determining the relation of classes to each other.

(c)  A class is a position or a number of positions with duties sufficiently similar that:

    1.  The same descriptive title may be used to designate each position in the class.

    2.  The same level of education, experience, knowledge, ability, and other qualifications may be required of incumbents.

    3.  The same schedule of compensation should apply with equity under substantially the same employment conditions.

(d)  Any requirements or special qualifications for the class, including but not limited to license, educational achievement or legal qualifications, will constitute a basis for acceptance or rejection of applications for the class and for the evaluation of the qualifications of applicants.  In the event that such qualifications are not specifically stated in the class specifications, but do exist in state or county laws or ordinances, they will have the same effect as if they had been set forth in the specifications.

(e)  The class specifications in the classification plan will have the following force and effect:

    1.  They are descriptive and explanatory and are not restrictive.

    2. The use of a particular expression or illustration as to duties, qualifications, or other attributes will not be held to exclude others not mentioned, if such others are similar in kind or quality, nor limit the power of the Sheriff to modify or alter the detailed tasks involved in the duties of any positions.

    3.  When substantial change of duties is made, except for a temporary period or by the addition of duties that are incidental to the main employment, such change will be reported to the Sheriff with a view to possible reclassification of the position.


4.04    **ALLOCATION OF POSITIONS TO CLASSES** :

(a)  The Sheriff, after consulting with the Civil Service Commission, will allocate each position in the classified service to its appropriate class, placing in each class those positions which are substantially similar in difficulty, responsibility, and character of work as to require generally the same kind and amount of training and experience for proper performance and to justify approximately equal pay.

(b)  A new class will be established by the Commission upon recommendation of the Sheriff when it has been determined that the duties and responsibilities of a position or positions, assigned by competent authority are unique in terms of character, difficulty, and responsibility and do not meet the specifications for an existing class.

(c)  The Civil Service Commission or the Sheriff has the right to initiate and conduct investigations of positions in the classified service and to propose change in classification when the facts are considered to warrant such action.  The Civil Service Commission will submit to Commissioners Court a report with its recommendations on any proposed amendment to the classification plan.

4.05    **<u>REVIEWS AND APPEALS</u>** :

Any employee adversely affected by any classification action may request the Civil Service Commission to review such action.  Such request for review will be made in writing within thirty (30) days of notification of such action and will specify the basis for the request.  The Civil Service Commission may either amend the classification action or provide the employee with reasons for not doing so.  The decision of the Civil Service Commission is final.

4.06    **<u>EFFECT OF CLASSIFICATION CHANGES ON INCUMBENT</u>** :

(a)  Whenever a position is reclassified from one class to a higher class, the incumbent will not continue in the position, except temporarily, unless the incumbent gains eligibility for the new class and receives an appointment thereto in accordance with these guidelines.

(b)  Whenever a position is reclassified from one class to a lower class, the incumbent may elect to retain the position in the lower class.  If the incumbent declines to remain in the position in the lower class, he may move to a position in that classification under the provisions of Rule 16 relating to reduction in force.

(c)  Whenever the title of a class is changed without a change in duties or responsibilities, the incumbent will have the same status in the new class as was held in the old class.

# RULE 5

## COMPENSATION PLAN

5.01     **COMPENSATION PLAN** :

It shall be the responsibility of the Sheriff of Harris County to devise a plan for compensation for classified employees which compensation plan will be consistent with and in conformity to the classification plan as provided for in Rule 4 of these rules.  Such plan will set forth the salary or salary range for each class of positions.

# RULE 6

## EMPLOYMENT CRITERIA

6.01    **<u>PURPOSE</u> :**

The purpose of this rule is to establish policy and procedures that standardize the hiring process for applicants who seek employment with the Harris County Sheriff's Department.  It is the goal of  the Sheriff's Department to treat every applicant in a respectful and equitable manner during the hiring process while conforming to the legal requirements of federal, state and local law and allow every applicant an equal opportunity to demonstrate his/her suitability for employment.

6.02    **<u>APPLICATION PROCESS</u> :**

The application process shall be administered in accordance with rules set forth by the Harris County Sheriff's Department and adopted by the Civil Service Commission.

Amended 4/01

## RULE 7

## HOURS IN WEEK, OUTSIDE EMPLOYMENT, OVERTIME, LEGAL HOLIDAYS AND LEAVES OF ABSENCE

7.01     **HOURS IN WORK WEEK** :

The number of hours constituting the workweek for an employee of the Harris County Sheriff's Department is forty (40) hours.

7.02     **EMPLOYMENT OUTSIDE OF THE DEPARTMENT** :

(a)  The Civil Service Commission will not permit any member of the Harris County Sheriff's Department to contract for, or be engaged in, any work of any kind outside regular working hours for compensation, unless specifically authorized to do so by the Sheriff or his designee.  The Sheriff or his designee will be required to maintain in his office a permanent record of all outside employment which has been authorized and will be available to the Civil Service Commission upon request.

(b)  The Sheriff or his designee will maintain a current record of such approvals and will make available a report on same to the Civil Service Commission upon request.

7.03     **OVERTIME** :

(a)  Any employee filling a position allocated to any class for which a monthly salary schedule is established may be required to work in excess of the number of hours prescribed for full-time employment by order of the Sheriff or an officer in his supervisory chain of command.

(b)  The method of compensation for overtime will be in accordance with the prevailing policy established by Commissioners Court.

(c)  In order to meet emergency situations, the employee's supervisor may temporarily adjust the hours of any individual employee or group of employees to provide for different schedules of hours or for overtime services outside of regular work hours, provided that such adjustments do not result in the requiring of less than the hours per week prescribed for full-time employment and provided further that employment in excess of the hours prescribed for full-time employment be predicated entirely on the operating need of the department.  The schedule of work and procedure prescribed by the Sheriff will be designed to eliminate excessive or unnecessary use of overtime.

(d)   In case of the death of an employee who, at the time of his death, has authorized overtime compensation due him under the existing rules, payment for such overtime will be made in accordance with prevailing Harris County Policy established by Commissioners Court.

7.04     **LEGAL HOLIDAYS** :

(a)  Holidays for all employees of the Harris County Sheriff's Department will be as set forth in the Harris County Personnel Regulations or as may be designated by Commissioners Court.

(b)  The Sheriff may request some or all employees of his Department to report for work on any of the legal holidays.  In all such cases, the Sheriff will arrange that the employees who work on such holidays receive compensation as described in subsection 7.03 (b).

7.05    **LEAVE OF ABSENCE** :

    (a) Leaves of absence fall into the categories as set forth in the Harris County Personnel Regulations that also set forth the maximum leave periods.

    (b) Leaves of absence may be granted by the Sheriff on application of the employee concerned on forms prescribed by Harris County Commissioners Court.  Leaves of absence will be subject to the needs of the Department.  Any leave granted may be canceled before its expiration date, in which event proper effort will be made to notify the employee promptly of such cancellation.

    (c) The request for leave of absence, together with the reasons for the request, the period of leave desired, and a full statement as to the desire or intention of the employee to return to duty with the Harris County Sheriff's Department, will be made in writing on the forms prescribed.

    (d) Leave of absence from duty will in no case be granted to an employee who has been in the Harris County Sheriff's Department for less than one (1) year immediately preceding the date of leave, except in the case of sickness, disability, or urgent necessity, in which case the application for leave will be accompanied by such proof as the Sheriff may require.

Unofficial Copy Office of Marilyn Burgess District Clerk

**PROBATION AND DISCIPLINARY PROBATION**

8.01    **PROBATIONARY PERIODS AND DISCIPLINARY PROBATION**

  **PERIOD** :

(a)  It is the purpose of the probationary period to test the capability and willingness to perform of the newly-hired, transferred, or promoted employee and to provide a set period of time in which to train probationer in the skills and knowledge necessary to perform his assigned duties.

(b)  It is the purpose of the disciplinary probation period to accompany certain disciplinary actions taken by the Department in order to retrain and/or monitor the actions of an employee.

(c)  There will be no probationary period following:

    1.  Reduction in rank or return to former assignment following the unsuccessful completion of a probationary period without disciplinary actions.

    2.  Rehiring of employees laid off due to shortage of positions, if the employee had successfully completed probation prior to his being demoted due to a shortage of positions.

8.02    **LENGTH OF PROBATIONARY PERIOD** :

(a)  A probationary period shall be not less than sixty (60) days or more than one hundred eighty (180) days.  Newly-hired employees will serve a probationary period of one hundred eighty (180) days.

(b)  A probationer that is reassigned in his duties by the Sheriff or supervisory personnel shall not have the probationary period interrupted.

8.03    **EVALUATION OF PROBATIONARY PERIOD** :

The probationer shall be evaluated at least twice during the probationary period by his immediate supervisor.  One evaluation must be at the midpoint of the probationary period and a second evaluation must be not less than ten (10) days prior to the end of the probationary period.

8.04    **FAILURE TO COMPLETE PROBATION** :

**(a)  Original Probation and Promotional Probation** :

The Sheriff, upon showing of just cause, has the authority and the responsibility to return the probationer to his previous rank or to terminate employment if on original probation.  Just cause shall be deemed sufficient on the documented showing of failure to meet the standards of performance set by the Department, or documented showing of a lack of willingness to perform required duties, or a lack of dependability, or a combination of all.

8.04    **FAILURE TO COMPLETE PROBATION** : (continued)


   **(b)  Disciplinary Probation** :

The Sheriff, upon showing of just cause, has the authority and the responsibility of terminating the employment or extending the probationary period not to exceed an additional one hundred eighty (180) days of the employee who fails to meet the standards required to continue employment in the Sheriff's Department.

   **(c)  Interbureau Transfer Probation** :

Any employee transferred from one Bureau of the Sheriff's Department to another is automatically placed on probation to determine his suitability for the position to which he is transferred.

The Sheriff has the authority and responsibility upon the request of the Bureau Commander to return any employee who fails to complete probation after transfer to the employee's original position or to any position for which the employee has been shown to possess the required skills.


8.05 **NOTICE AND APPEAL OF FAILURE TO COMPLETE PROBATION** :

   (a)  The employee on probation who receives a notice of return, or if on original probation, a notice of termination, may appeal to the Sheriff within five (5) working days.

   (b)  The Sheriff shall have ten (10) working days to review the appeal.

   (c)  The decision of the Sheriff shall be final in cases of original and transfer probation.  Appeals from decisions of the Sheriff relating to promotional and disciplinary probation will be in accordance with the provisions of Rule 12.

# RULE 9

## CERTIFICATION AND APPOINTMENT

9.01 **POWER TO APPOINT** :

All original appointments and reinstatements to the classified service shall be made by the Sheriff, under and in conformity with the provisions of the Civil Service law and these rules.

9.02 **CERTIFICATION STANDARDS** :

    **(a) Original Appointment to Classified Service** :

        1. Candidates shall be ranked in accordance with the date of their approval for employment.

        2. The Sheriff or his designated representative shall conduct pre-employment background investigations, as needed and as required by law, to determine candidates ability to meet and to adhere to the high standards of conduct of this Department.

    **(b) Promotions Within the Classified Service** :

The appointing authority shall promote employees within the classified service on basis of the ranking on the Eligibility List.

9.03 **CERTIFICATION PROCEEDINGS** :

    **(a) Promotions** :

        1. The Director of the Civil Service Commission shall assemble candidates into a list, based on a composite of all required scores and past experience.

        2. In the event of a tie in the scores of two or more candidates, the candidate who was employed first shall be given priority.

    **(b) New Employees** :

The appointing authority shall select new employees from the employment eligibility list as follows:

        1. For each position available, the Sheriff shall select from the top candidates in descending order.

        2. If any candidate shall be passed over on five occasions, the Sheriff and his staff shall submit in writing to the Commission the justification for so doing and, if justified in the judgment of the Commission, the name shall be dropped from the list.

9.04  **REINSTATEMENT AFTER SEPARATION FROM CLASSIFIED**

**SERVICE** :

(a) Employees who were in good standing at time of resignation may seek reemployment with the Sheriff's Department. At the discretion of the Sheriff, they may be placed at the top of the eligibility list for employment if such employees seek reemployment within twenty-four (24) calendar months of resignation.

(b) Employees separated from service due to shortage of positions shall be placed on a reinstatement list as outlined in Rule 16.

# RULE 10

## RECORDS AND REPORTS

10.01   **OFFICIAL ROSTER** :

Human Resources shall maintain a complete official roster of employees, showing for each employee his name, address, telephone number and Bureau assignment.

10.02   **ACCESS TO DEPARTMENT RECORDS** :

    (a)   The Civil Service Commission may have access to such personnel records for routine use that is compatible with the purpose for which such records were compiled and as necessary to carry out the Commission's duties, provided:

        1. The individual to whom the record pertains gives prior written consent to such disclosures; or

        2. The Commission gives advance adequate written assurance that the records will be used solely as a statistical research or reporting record, and the records to be disclosed are in a form that is not individually identifiable.

    (b)   The conditions set out in section (a) above are met, access to these records will be available upon receipt of a written request from the Commission stating the records needed and the reason for which they are needed. Such records will not be disclosed to the public.

10.03   **DESTRUCTION OF RECORDS** :

Records pertaining to a complaint and the investigation of such shall be kept permanently. Records pertaining to any examination, eligibility list or lists and general miscellaneous correspondence may be destroyed after five (5) years.

10.04   **PERSONNEL RECORDS** :

In this section, "employee record" means any letter, memorandum, or document maintained by the department that relates to a department employee.

    (a)   An employee record relating to disciplinary action taken against an employee or to alleged misconduct by the employee that is placed in the employee's permanent personnel file shall be removed from the file if a court or an administrative body of competent jurisdiction, including the sheriff's department civil service commission, determines that:

        1.     the disciplinary action was taken without just cause; or

        2.     the charge of misconduct was not supported by sufficient evidence.

Amended 2/94

# RULE 11

## PROHIBITIONS AND PENALTIES

**11.01  POLITICAL AND RELIGIOUS DISCRIMINATIONS FORBIDDEN** :

(a) No person may be denied employment or promotion or in any way favored or discriminated against by reason of his political or religious opinion or affiliation or by reason of race, sex, national origin, color, disability, military or Vietnam veteran status.

(b) No person shall use his or her official authority or influence to coerce political action of any person or body.

**11.02  POLITICAL ACTIVITY** :

No employee shall:

(a) Be under any obligation to contribute to any fund or render any political service, and no person shall be removed or otherwise prejudiced for refusing to do so.

(b) Solicit contributions for nor be solicited to contribute to any political party or campaign.

(c) Solicit nomination, election, or appointment as an elected official to a public office if such solicitation would conflict with his duties as an employee of the Harris County Sheriff's Department.

(d) Accept nomination, election, or appointment as an elected official to a public office if the duties imposed upon him by such public office would be violative of the Texas Constitution's prohibition against dual office-holding or would conflict with his duties as an employee of the Harris County Sheriff's Department.

(e) The Sheriff or his designated representative shall determine whether the employee's solicitation or acceptance of nomination, election, or appointment as an elected official to a public office is prohibited under this Rule. Upon making such determination, the Sheriff or his designated representative shall promptly notify the employee in writing. If the Sheriff or his designated representative determines that such solicitation or acceptance is prohibited, the employee may appeal such determination to the Civil Service Commission within five (5) calendar days of his receipt of the written determination. The Civil Service Commission may conduct a hearing to review the determination, but in any event, shall promptly notify the employee of its decision.

**11.03  FRAUD PROHIBITED** :

No person shall willfully or corruptly, by himself or in cooperation with any other person or persons:

(a) Defeat, deceive, or obstruct any person in respect to his or her rights in relation to any examination or appointment in the Department.

(b) Willfully falsely mark, grade, estimate, or report upon the examination or proper standing of any person examined or certified pursuant to the Civil Service law, ordinances, or rules pertaining to the classified service, or the service rating of any employee or aid in doing so, or willfully make any false representation concerning the same, or concerning any persons examined.

(c) Furnish any person any special or secret information for the purpose of either improving or injuring the prospects or chances of such person in connection with any examination or appointment.

(d) Impersonate any other person or permit or aid in any manner any other person to impersonate him in connection with any examination, appointment or request for examination.

Amended 8//95

# RULE 12

## DISCIPLINARY ACTIONS AND APPEALS

### 12.01 **DISCIPLINARY ACTION DEFINED:**

A disciplinary action is any action taken against an employee by the Department due to improper conduct by the employee that will result in termination, suspension, demotion, reduction in rank, or refusal to rehire at the end of a contractual period.

### 12.02 **IMPROPER CONDUCT DEFINED**:

Improper conduct is defined as any of the below-listed reasons and shall be grounds for disciplinary action. Just cause shall be determined to be satisfied when one or more of the below reasons have been adequately documented by incident or evaluation reports or other supporting data.

  (a)  Absence without leave

  (b)   Incapacity due to mental or physical disability. (A medical and/or psychological examination may be required to determine the employee's fitness for duty, and in such instance the Civil Service Commission shall approve the physician/psychologist to make such examination.)

  (c)  Incompetency or inefficiency

  (d)  Insubordination

  (e)  Intoxication

  (f)  Neglect of duty

  (g) Negligence or willful damage to, or misuse of, public property or waste of supplies or equipment

  (h)  Violation of any lawful or reasonable regulation or order made and given by a supervisory deputy

  (i)  Fraud in securing appointment

  (j)  Dishonesty

  (k)  Use of or addiction to narcotics or habit-forming drugs or illegal drugs

  (l)  Conviction of a misdemeanor or a felony

  (m) Physical or verbal abuse of a person in custody of the Department

12.02 <u>**IMPROPER CONDUCT DEFINED**</u>: (continued)

    (n) Failure to meet requirements for licensure by the Texas Commission on Law Enforcement Officer Standards and Education

    (o) Failure to achieve and maintain weapons proficiency as required by State Law and Departmental Policy

    (p) Willful violation of any of the rules set forth in the <u>**Departmental Manual**</u> or any special or general order.

    (q) Violation of, or willful disregard of, any lawful regulation or order made and given by a Department Supervisor.

12.03 <u>**EMPLOYEE RIGHT OF JUST CAUSE AND NOTICE**</u>:

    (a) No employee shall be subject to any disciplinary action except for just cause.

    (b) The cause for disciplinary action shall be in writing and shall particularly state the reason or reasons for which the Sheriff feels that disciplinary action is necessary.

        1. Every employee receiving disciplinary action shall have presented to him a copy of just cause.

        2. At the completion of the disciplinary action process, a copy of all reports and investigations shall become a part of the employee's personnel file.

        3. One copy of the disciplinary action shall be placed in the employee's file maintained in Human Resources. That file shall be open to inspection, upon a written request from the employee who is the subject of the file, for sufficient reason as determined by the director of Human Resources.

12.04 <u>**EMPLOYEE RIGHT OF APPEAL OF DISCIPLINARY ACTION**</u>:

    (a) Every employee subject to disciplinary action shall be notified by letter of the disciplinary action they are subject to. The employee will be provided at least twenty (20) days' notice of a scheduled Loudermill meeting where they may respond to the proposed action prior to its imposition. The employee will receive a notice of the meeting and the suggested action to be imposed. The employee may waive their right to a Loudermill meeting in writing, after which the Sheriff may impose the final decision of discipline.

(b) The employee or the employee's representative will be provided the IAD Investigation Case Summary at least ten (10) days prior to the Loudermill meeting. The employee or employee's representative may request any contents of the Investigative File from HCSO Legal Services. For meetings involving peace officers, only a peace officer employed by the Sheriff's Office may serve as the Sheriff's designee. The Major over internal affairs or the employee's bureau Major shall not serve as the Sheriff's designee for Loudermill meeting.

(c) The employee must appear personally unless waived by the Sheriff, or designee, and they may have counsel/union representation when the Loudermill meeting is held. The time limit for a meeting shall be 30 minutes for a non-termination and 45 minutes for a reduction in rank or a termination. Time may be extended upon agreement. The meeting shall be recorded. The Sheriff, or designee, may ask questions of the employee and of any witnesses. The Sheriff, or designee, may be advised by appropriate counsel, however, that counsel may not ask questions directly to the employee. All parties may agree to a fifteen (15) minute meeting during their designated time that is not recorded where the employee may meet privately with the Sheriff, or designee, without counsel present.

(d) After the Loudermill meeting, the Sheriff, or designee, shall make the final decision on discipline pursuant to just cause standards and notify the employee in writing.

(e) Upon receipt of written notice of the Sheriff's final decision, the employee has ten (10) days to file a written notice of appeal to the Civil Service Commission.

(f) Upon written notice of an appeal, the Civil Service Commission shall, within fifteen (15) business days, set a hearing of the appeal at the earliest available date, except that continuances may be granted for good cause shown.

(g) The Civil Service Commission has the power to subpoena witnesses and to conduct such investigations as it deems necessary.

(h) The Civil Service Commission shall render a final decision in writing to the employee and the Sheriff within seven (7) days after the end of the hearing.

(i) The Civil Service Commission may:

   1. In rendering a final decision regarding a disciplinary action by the department, the Commission may only sustain, overturn, or reduce the disciplinary action. The Commission may not enhance a disciplinary action by the department; or

   2. Grant the relief requested by the appeal and reinstate the employee.

12.04 **EMPLOYEE RIGHT TO APPEAL OF DISCIPLINARY ACTION**: (continued)

Reinstatement may include but not limited to placement in the job assignment held by the employee at the time of the disciplinary action, no loss of benefits or with payment of all back wages and salary.

12.05 **EXCEPTIONS TO THIS RULE**:

    (a)    Actions that do not result in loss of monetary benefits or direct compensation shall not be subject to this procedure.

    (b)  Employees may not use this rule to appeal notice of failure to complete probation, except as provided by Rule 8.

    (c)  Employees may not use this rule to appeal administrative dismissals pertaining to FMLA and leave of absence policies that are in compliance with Harris County Personnel Regulations.

Amended 2/94, 4/01, 9/09, 2/10, 4/23

**RULE 13**

**GRIEVANCES**

13.01 <u>**PURPOSE**</u> :

The purpose of this rule is to provide a forum for a classified employee of the Harris County Sheriff's Department to present a grievance to the administrators of that Department, without fear of reprisal or harassment, for prompt and fair consideration.

13.02 <u>**BASIC ASSUMPTIONS**</u> :

(a) That any classified employee of the Harris County Sheriff's Department may initiate a grievance.

(b) That the grievance procedure is a positive process that seeks to improve morale, discipline, and the functioning of the Department.

(c) That the administrators of the Harris County Sheriff's Department have the right to maintain efficient operations to meet law enforcement needs.

(d) That the basic responsibility for resolving grievances lies with the employee's supervisor.

(e) That an employee may present fact witnesses in his behalf and may be represented by a person of his choosing in all proceedings pertaining to his grievance.

(f) That the Sheriff of Harris County will monitor all levels of this grievance procedure and will insist upon compliance with all its requirements.

13.03 <u>**DEFINITIONS**</u> :

A grievance is an action arising from a complaint an employee has concerning the administration of policies, procedures, rules, regulations, and operations of this Department, but does not include the following:

1. Departmental decisions pertaining to disciplinary action  (See Rule 12)
2. Salaries and economic benefits
3. Discrimination complaints based on race, color, religion, sex, or national origin
4. Personnel evaluations
5. Letters of reprimand
6. Promotional examination issues.  (See Rule 4, Section 4.05)

13.04 **GRIEVANCE PROCESS :**

(a) To file a grievance, an employee must file it:

    1. Within fifteen (15) days of the action or inaction giving rise to the grievance.

    2. By letter.

    3. To his supervisor, with a copy to the Personnel Section of the Human Resources Bureau.

(b) Each grievance and all documents related thereto will be maintained by the Human Resources Bureau.

(c) Upon receipt of the written grievance, the employee's supervisor will arrange a meeting with the employee within five (5) days.

(d) When the employee and the supervisor meet, they will strive to resolve the problem. If the grievance is resolved at the meeting both parties shall reduce the resolution to writing and attach it to the original grievance and forward it to the Human Resources Bureau. If the grievance is not resolved, both parties shall attach statements to the original grievance stating reasons for their positions. The original grievance, the statements, and any other attachments will be reproduced and a copy sent to the Human Resources Bureau. The original grievance, statements and other attachments will then be forwarded through the chain of command.

(e) Upon receipt of the documents pertaining to the grievance, each supervisor in the chain of command has five (5) days to meet with the employee. After an informal meeting, the supervisor has five (5) days to render his decision. If the grievance is resolved at the meeting both parties shall reduce the resolution to writing and attach it to the original grievance and forward it to the Human Resources Bureau. If his decision is in favor of the employee, the supervisor will render his decision in writing and provide copies of his decision to the employee and the lower chain of command and copies of his letters will be forwarded to the Human Resources Bureau. If the grievance is not resolved, both parties shall attach statements to the original grievance stating reasons for their positions. The original grievance, the statements, and any other attachments will be reproduced and a copy sent to the Human Resources Bureau.

(f) The employee has five (5) days to appeal the decision in writing to the Sheriff of Harris County. Copies of all documents related to the grievance must be attached to the grievance when the grievance is appealed to the Sheriff.

(g) Upon receipt of the grievance, the Sheriff will review the facts pertaining to the grievance and shall render his decision within ten (10) days. If his decision sustains the employee's grievance, the Sheriff shall notify the employee in writing and shall also notify the appropriate chain of command stating the reasons for his decision. Copies of his letter will be sent to the Human Resources Bureau. If his decision is adverse to the employee, the Sheriff shall notify the employee in writing and shall attach his decision, and any recommendation, to the grievance form. All documents will then be forwarded to the Human Resources Bureau.

(h)   The employee has five (5) days in which to appeal the Sheriff's decision to the Civil Service Commission.  Copies of all documents related to the grievance must be attached to the grievance when the grievance is appealed to the Civil Service Commission.


(i)   Upon receipt of the grievance, the Civil Service Commission shall review the facts pertaining to the grievance and render its decision  in writing to sustain, deny or hold a hearing.  If the Commission's decision sustains the employee's grievance, the Commission shall notify the employee and the appropriate chain of command in writing .  If the Commission's decision is adverse to the employee, the Commission shall notify the employee in writing.   If the Commission holds an informal hearing, the employee may be represented by any person of his choosing and may call any fact witnesses.  The Sheriff or his designee may call fact witnesses.  The Civil Service Commission may call any witnesses.  Upon completion of the hearing, the Civil Service Commission shall render its decision.  Its decision is final and binding upon all parties.  Copies or originals of all documents generated at this level will be forwarded to the Human Resources Bureau.

(j)   The Civil Service Commission shall issue a letter stating its findings to the affected Bureau or Bureaus.

(k)   Failure of the parties involved to act within the time limits established by this rule will give the employee the right to proceed to the next highest level in the process.

Amended 4/25/95, Amended 4/01

**RULE 14**

**PROMOTIONS AND ELIGIBILITY LISTS**

14.01    **ELIGIBILITY FOR PROMOTIONS:**

To be eligible for promotion, a telecommunications officer, detention officer or deputy must meet the following prerequisites:

(a)  Telecommunications Supervisor (Non-Certified Peace Officer):

    1.    Must be actively licensed by the Texas Commission on Law Enforcement (TCOLE) as a Telecommunicator.

    2.    Must hold a Basic Telecommunicator Proficiency Certification, or higher certification.

    3.    Must have a minimum of thirty-six (36) months continuous, full-time employment with the Harris County Sheriff's Office as a Telecommunications Officer by December 31st of the testing year.

    4.    Must be presently serving in the rank of Telecommunications Officer.

(b)  Detention Sergeant (Non-Certified Peace Officer):

    1.    Must be actively licensed by the Texas Commission on Law Enforcement (TCOLE) as a Jailer.

    2.    Must hold a Basic Jailer Proficiency Certification, or higher certification.

    3.    Must have a minimum of thirty-six (36) months continuous, full-time employment with the Harris County Sheriff's Office as a Jailer by December 31st of the testing year.

    4.    Must be presently serving in the rank of Detention Officer.

(c)  Detention Lieutenant (Non-Certified Peace Officer):

    1.    Must be actively licensed by the Texas Commission on Law Enforcement (TCOLE) as a Jailer.

    2.    Must hold an Intermediate Jailer Proficiency Certification, or higher certification.

    3.    Must have a minimum of seventy-two (72) months of continuous, full-time employment with the Harris County Sheriff's Office as a Jailer by December 31st of the testing year.

    4.    Must currently be serving in the rank of Detention Sergeant for a period of not less than thirty-six (36) months by December 31st of the testing year.

(d)  Sergeant (Certified Peace Officer):

    1.    Must be actively licensed by the Texas Commission on Law Enforcement (TCOLE) as a Peace Officer.

2. Must hold a Basic Peace Officer Proficiency Certification, or higher certification.

3. Must have a minimum of thirty-six (36) months continuous, full-time employment with the Harris County Sheriff's Office as a Peace Officer by December 31st of the testing year.

4 Must be presently serving in the rank of Deputy.

(e) Lieutenant (Certified Peace Officer):

1. Must be actively licensed by the Texas Commission on Law Enforcement (TCOLE) as a Peace Officer.

2. Must hold an Intermediate Peace Officer Proficiency Certification, or higher certification.

3. Must have a minimum of seventy-two (72) months continuous, full-time employment with the Harris County Sheriff's Office as a Peace Officer by December 31st of the testing year.

4. Must currently be serving in the rank of Sergeant for a period of not less than thirty-six (36) months by December 31st of the testing year.

(f) Captain (Certified Peace Officer):

1. Must be actively licensed by the Texas Commission on Law Enforcement (TCOLE) -as a Peace Officer.

2. Must hold an Advanced Peace Officer Proficiency Certification, or higher certification.

3. Must have a minimum of one hundred and eight (108) months of continuous, full-time employment with the Harris County Sheriff's Office as a Peace Officer by December 31st of the testing year.

4. Must currently be serving in the rank of Lieutenant for a period of not less than thirty-six (36) months by December 31st of the testing year.

14.02 **PROCEDURES FOR SELECTION:**

(a) The Harris County Sheriff's Office Civil Service Commission shall publish a list of promotional study material no less than 75 days prior to the exam date, to be used for the written examinations to be administered in September of every other calendar year beginning in 2021. The Civil Service Commission will maintain all promotional materials and access will be limited to the Director or his/her designee.

(b) All eligible personnel desiring to take the promotional test shall submit a Letter of Intent to the Civil Service Commission on or before the 60th day after the Commission posts the list of promotional study material. The Letter of Intent (LOI) must accompany all supporting documentation fulfilling requirements such as copies of TCOLE certification, college transcripts, degree diploma, Department of Defense form 214 (DD-214), etc., that are not on file. It is the responsibility of the applicant to confirm all supporting documents are accessible within his/her file or are attached to the LOI by the deadline for the LOI.

Unofficial Copy Office of Marilyn Burgess District Clerk

(c) The Civil Service Commission may conduct a supplemental promotional selection process at any other time the Commission may be deem necessary for the purpose of maintaining an eligibility list of candidates qualified for promotion.

(d) All notifications, including as to the location, date and time and study materials for the promotional selection process will be posted in accordance with Rule 3.06(b) of these Rules.


14.03 **PROMOTIONAL SELECTION PROCESS:**

(a) Written Examination:

    1.    The written examination shall include questions pertaining to law enforcement practices and procedures, criminal and applicable civil law, leadership principles and departmental policies and procedures as provided in the study materials published by the Commission for the current testing year.

    2.    The written examination shall be administered by the Civil Service Commission at the location, date and time designated in the published Civil Service announcement.

    3.    The written examination requires a minimum score of 70 based upon a total score of 100 points in order for the candidate to be eligible to proceed to the oral interview or assessment phase of the promotional selection process.

(b) Oral Interview and Assessment Center:

    1.    To determine eligibility for the candidate to proceed to the oral interview / assessment phase a score of 70 or above must be attained on the written examination. All testing candidates who score a 70 or above on the written examination will proceed to the oral interview or assessment phase. This applies to all ranks.

    2.    The oral interview / assessment will commence at the location, date, and time designated in the published Civil Service announcement to all candidates who have successfully passed the written examination.

    3.    Each testing year the Civil Service Commission shall convene a Board of Examiners, whose job will be to determine the current testing year's study material and to work with the 3rd party exam writer(s) and assessors. The Board of Examiners shall consist of the following persons: 2 representatives appointed by the Employee organizations; 2 representatives appointed by the Sheriff; and 1 representative from the Civil Service Commission.

    4.    The Civil Service Commission shall oversee the selection and hiring of the 3rd party independent exam writer(s) and assessors for all ranks and in the promotional process. The Commission shall seek the cooperation of local law enforcement agencies to serve as a panel of assessors for each promotional rank. Each panel of assessors shall consist of law enforcement personnel who are the same or higher rank as the position being applied for promotion.

    5.    Each panel of assessors shall assess and assign each candidate appearing before them a numerical rating based upon his/her leadership skills, problem solving ability, communication skills, and presentation.

6.   Civil Service Commission shall monitor and electronically record each individual assessment.

7.   Upon completion of each assessment the Civil Service Commission will add the weight value of the written examination to the weight value of the assessment score. This total test score will then be added to time in service or time in rank depending on the rank of the exam taken, TCOLE proficiency certification, education, and/or military service. The total cumulative score will be used for the final ranking of the respective promotion candidate.  Please see examples provided under 14.04 - Computation of Promotional Selection Scoring.

(c)   Calculation of Service and Educational Points

1.   Time In Service Computation (only applicable on examination to become Telecommunications Supervisor, Detention Sergeant, and Sergeant):

a.   The Sheriff or his/her staff will make available to the Director of the Civil Service Commission each candidate's date of hire.

b.   Candidates will receive one (1) point per year (calculated by anniversary date of hire) of creditable service not to exceed seven (7) years for Telecommunications Officer testing to be Telecommunications Supervisor, Detention Officer testing to be Detention Sergeant, and Deputy testing to be Sergeant.

2.   Time In Rank Computation (only applicable on examination to become Detention Lieutenant, Lieutenant and Captain):

a.   The Sheriff or his/her staff will make available to the Director of the Civil Service Commission each candidate's date promoted to current rank.

b.   Candidates will receive one (1) point per year (calculated by anniversary date of promotion) of time in current rank not to exceed five (5) years.

3.   TCOLE Proficiency Certification Credit:

a.   The Civil Service Director will verify with TCOLE the current license status of each candidate.

b.   Proficiency certification must be met by August 31st of the calendar year in which the test will be administered. Candidates shall provide the Director of Civil Service proof of required proficiency certification along with the Letter of Intent.

4.   Education Credit:

a.   The Civil Service Director will verify that the college/university is an accredited institution, and the degree(s) has been attained. For example, having sixty college credit hours without actually receiving an associate degree from an accredited higher institution does not count as having an associate degree.

b. Candidates will receive one (1) point for an associate degree, two (2) points for a bachelor's degree, three (3) points for a master's degree, and four (4) points for a doctorate degree (PhD) or Doctor of Jurisprudence degree (JD). It should be noted that candidates can only receive education credit or military service point, but not both. If the candidate has an associate degree or higher and the candidate has also served in the military, the candidate will not receive the military service point.

c. All degree programs must be completed by August 31st of the calendar year in which the test will be administered. Candidates shall provide the Director of Civil Service an official transcript along with the Letter of Intent.

5. Military Service:

a. The Civil Service Director will verify each candidate's military service via the Department of Defense form 214 (DD-214) to ensure that the candidate was honorably discharged.

b. Candidates will receive one (1) point for military service regardless of time served. However, it should be noted that if the candidate has education credit where the candidate has obtained an Associate's Degree or higher, the candidate will not receive the military service point.

## 14.04 COMPUTATION OF PROMOTIONAL SELECTION SCORING:

The Director of the Civil Service Commission will determine the eligibility score for promotion for the ranks of Telecommunications Supervisor, Detention Sergeant, Detention Lieutenant, Sergeant, Lieutenant and Captain using the following criteria:

|  |  | Possible Points | | |
|---|---|---|---|---|
|  |  | Telecomm/ Sergeant | Lieutenant | Captain |
| (a) | Written examination score: 70-100 points | 70% | 50% | 30% |
| (b) | Oral Interview/Assessment: | 30% | 50% | 70% |
| (c) | Time in service: 1 point per year of service up to a maximum of 7 years | 7 | N/A | N/A |
|  | Time in rank: 1 point per year within current rank up to a maximum of 5 years | N/A | 5 | 5 |

Unofficial Copy Office of Marilyn Burgess District Clerk

(d)  TCOLE proficiency certification points:

        Intermediate - 1 point, Advanced - 2 points,

        Master - 3 points                                   3         3         3

(e)  Education points per level of higher education degree:

        Associate - 1 point, Bachelor's - 2 points,

        Master's - 3 points, PhD or JD - 4 points               4         4         4

(f)  Military service, regardless of years, with an

        honorable discharge.  Note: cannot be combined

        with education points.                                    1         1         1

**Example 1** - Candidate Jones is testing for the Detention Sergeant rank and he scores an 85 on the written examination and a 95 on the assessment.  Candidate Jones has been with the department for 8 years, has an Advanced Jailer Proficiency Certification, a Bachelor's Degree, and he is not a military veteran.

85 X 70% = 59.5 written examination points
95 X 30% = 28.5 assessment points

59.5 written examination points + 28.5 assessment points = 88 total points

88 total points + 7 points for time in service (maximum of 7 points) + 2 points for Advanced Jailer Proficiency Certification + 2 points for Bachelor's Degree = 99 total cumulative score

**Example 2** - Candidate Smith is testing for the Lieutenant rank (certified peace officer) and she scores a 96 on the written examination and a 90 on the assessment.  Candidate Smith has been a Sergeant for 6 years, has a Master Peace Officer Proficiency Certification, a Master's Degree, and she is a military veteran.

96 X 50% = 48 written examination points
90 X 50% = 45 assessment points

48 written examination points + 45 assessment points = 93 total points

93 total points + 5 points for time in rank (maximum of 5 points) + 3 points for Master Peace Officer Proficiency Certification + 3 points for Master's Degree = 104 total cumulative score

Note: since Candidate Smith has the education credit, she does not get the military service point.

14.05    **ELIGIBILITY LIST**:

(a) Candidates for the ranks of Telecommunications Supervisor, Detention Sergeant, Detention Lieutenant, Sergeant, Lieutenant, and Captain will be ranked on the eligibility lists in descending order based upon the total cumulative score. Ties on the list for candidates of all ranks will be decided by the candidate's date of hire with the Harris County Sheriff's Office. Further ties will be decided by the Employee Identification Number (EIN) with the lower number holding higher seniority.

(b) Eligibility lists shall be posted as soon as they are finalized following the promotional process or on such date the supplemental eligibility lists are prepared. All such eligibility lists shall specify the date upon which the lists go into effect and the expiration date.

(c) Reasons for removal from the Eligibility List shall be:

    1.    Promotion

    2.    Declining promotion

    3.    Resignation or termination from the Sheriff's Office

    4.    Voluntary request of employee

    5.    Expiration of the eligibility list

(d) Any employee on Leave of Absence will maintain his/her position on the eligibility list, but will not be eligible for promotion until he/she returns to full duty.

14.06    **PROMOTION:**

    (a)    The Sheriff shall select from the appropriate promotional list a candidate from the top three ranked employees on the list.

    (b)    Any candidate passed over on the current eligibility list shall have the following rights available:

    i    The right to make a written request to the Sheriff for a written explanation of why he/she was passed over. The Sheriff, shall have 10 days to respond to the employee's request; and

    ii    The right to appeal to the Civil Service Commission within 30 days of notice by the Sheriff that another employee was being promoted, who was not next in line.

    (c)    If the passed-over candidate is successful in the appeal process, the candidate shall automatically receive the next promotion when a vacancy to that rank occurs.

    (d)    If the passed-over candidate is unsuccessful in the appeal process, the candidate shall remain in his/her current position on the eligibility list.

**RULE 15**

**PERFORMANCE EVALUATIONS**

15.01    <u>**PURPOSE**</u>:

    (a)    The performance evaluation plan shall consist of objective service rating standards and reports that shall serve as a means whereby supervisory personnel and individual employees may review the actual performance of all personnel in relation to their duty assignments.

    (b)    The performance evaluation shall further be a means of ascertaining and encouraging the improvement in performance by individual personnel and as a means for securing effective supervision of all personnel.

15.02    <u>**FREQUENCY**</u> :

    (a)    Performance evaluation reports shall be prepared on an annual basis for all permanent employees not on probation.

    (b)    Performance evaluation reports shall also be prepared during probationary periods in accordance with Rule 8, Probation and Disciplinary Probation.

    (c)    Performance evaluations shall further be completed for all employees upon termination of employment with this agency.  This shall include resignation.

    (d)    Unscheduled performance ratings may be completed at any time as deemed necessary for either probationary or permanent employees.

15.03    <u>**RATING STANDARDS**</u> :

These specific rating standards shall be applied uniformly in rating the efficiency and performance of each employee in accordance with the procedure adopted by the Civil Service Commission.

15.04    <u>**FACTORS RATED**</u> :

The specific factors rated shall be applied uniformly in rating the efficiency and performance of each employee. The factors rated shall be recommended by the Sheriff and his staff and approved by the Civil Service Commission.

15.05    <u>**REVIEW**</u> :

    (a)    Upon completion of the performance evaluation, the rater shall conduct a review of said performance evaluation with the subject employee in complete privacy.  During this interview, any progress, goals, suggestions for improvement, and deficiencies shall be covered.

    (b)    Any changes in performance ratings must be initialed in ink by the employee and the rater.

15.06   **SIGNATURES** :

Upon completion of the review of the performance evaluation report, the subject employee shall be afforded an opportunity to enter any comments in the appropriate space.  The employee shall also indicate whether he does or does not wish to discuss the performance evaluation report with the reviewer.  The rater and subject employee shall sign and date all copies of the report.  The employee's signature indicates that the conference has been held and an opportunity afforded to read the report.  If the employee refuses to sign for any reason, the refusal shall be recorded on the report, after which it shall be forwarded.

15.07   **RECONSIDERATION OF RATINGS** :

(a)  Should the employee request a review of said performance evaluation report with the reviewer, his request shall be granted within five (5) working days.

(b)  Any changes or modifications of ratings at this level must be initialed by the reviewer and employee.

(c)  If the employee, after discussing the performance evaluation report with the reviewer, feels need for further review, the employee may appeal immediately in writing to his Bureau Commander.  The Bureau Commander's word shall be final.

15.08   **COMMISSION MAY REQUEST COPY** :

A copy of all performance evaluations shall be forwarded to the Human Resources Bureau and shall be available to the Civil Service Commission upon request.

Amended 11/02

# RULE 16

## TENURE, LAYOFFS AND REDUCTIONS IN RANK, RESIGNATIONS, RETIREMENT, DEMOTIONS, SENIORITY

16.01    <u>**TENURE OF CLASSIFIED EMPLOYEES**</u> :

    (a)  Every employee who is legally employed in accordance with the provisions of the Civil Service law and these rules and who successfully completes his working test period shall have indefinite tenure of employment in the classified service during meritorious service, except as provided in these rules.

    (b)  The Sheriff or his staff shall report to the Commission on each appointment in the classified service and on each promotion, reduction, suspension, transfer, separation, reinstatement, or other change in employment on such forms as prescribed by the Harris County Auditor.

16.02    <u>**LAYOFFS AND REDUCTIONS IN RANK**</u> :

    (a)  The appointing power may layoff or reduce an employee when necessary:

        1.  For reasons of economy or lack of work.

        2.  Where there are more employees than positions in any class within the department.

    (b)  Order of layoff or reduction:

        1.  Employees in the classified service shall be laid off or reduced in rank on the basis of inverse order of seniority.

        2.  All promotional rank in the classified service, Captain, Lieutenant, Sergeant, and Detective, shall be reduced to the next lower rank until the shortage of positions is adjusted.

        3.  If seniority is the same, the person lowest on the original eligibility list is the first laid off.

    (c)  Reinstatement Lists:

        1.  The names of employees laid off or demoted in accordance with this rule shall be entered on a list in the inverse order of their laying off or reduction of rank.

        2.  Any new certifications or promotions in the affected class will come from the appropriate reinstatement list, if any, without regard to the current eligibility list until the reinstatement list is depleted.

        3.  Any employee refusing reinstatement to the classified service or promotion to previous rank shall be dropped from the reinstatement list.

        4.  Any employee scoring unsatisfactory on his last two performance evaluations shall not be eligible to be placed on a reinstatement list.

        5.  Any employee refusing to accept reduction in rank during layoff and terminates his employment shall not be eligible for placement upon a reinstatement list.

16.03    **RESIGNATION FROM CLASSIFIED SERVICE** :

(a)  Upon the voluntary resignation by an employee from the classified service, the employee shall submit to the Sheriff a formal resignation in writing.  The Sheriff shall forward a copy of such resignation to the Commission along with a report of separation of such employee.  The receipt of such formal resignation and separation report <u>shall constitute resignation from the Sheriff's Department in good standing.</u>

(b)  Upon receipt of the resignation, the Director may conduct such investigation as he/she may deem proper and necessary to ascertain that the resignation was submitted in good faith by the employee. The date of such resignation and the findings of the investigation, if deemed necessary, shall be incorporated in the employee personnel record.

(c)  Any form of resignation found to have been filed with the Sheriff without date or with a future date, and that is not intended to be a voluntary resignation to be acted upon at the time of filing shall not be accepted by the Commission as a resignation.  Each separation under such circumstances shall be deemed a dismissal and provisions of these rules relating to dismissals shall apply.  Any request of the Sheriff for the filing of any form of resignation for possible future action at the option of the Sheriff shall be deemed to constitute prima facie evidence of coercion, in contravention of the purpose of the Civil Service law and these rules.

(d)  Whenever resignations within any Bureau or identifiable subdivision of the Department are, in the opinion of the Commission, excessive, it shall be its duty and it shall have the power to investigate the cause of such resignation.

16.04    **RETIREMENTS** :

(a)  Any person in the classified service who shall become eligible to retire and who shall be retired or pensioned under the provisions of any applicable retirement laws shall be deemed for the purpose of these rules to have been separated as a member of the Sheriff's Department in good standing.

(b)  Any previously classified employee who retired because of disability, and at a date earlier than the specified retirement period, and has recovered to the extent in the said opinion of a physician appointed by the Commission the employee is able to perform the usual and customary duties formerly handled by such employee, the employee may be reinstated <u>as an employee, when an opening occurs.</u> Said employee will not accrue any seniority for the period while on retirement.

16.05    **DEMOTIONS DUE TO INABILITY TO PERFORM DUTIES :**

(a)  When an employee can no longer perform the essential duties of his assigned position, he may, upon request of the Sheriff or upon his own initiative, be transferred to a vacant position, the duties of which he is able to perform, in a class carrying a lower rate of pay.

(b)  Complete facts regarding such a change shall be reported to the Commission.  The change shall not become effective until approved by the Commission.  The employee shall first be served with a written notice of any demotion of this category and shall be given opportunity to make and file explanation and have the right of appeal to the Commission in the manner as set forth in the files for appeals from demotion or dismissal if such action was initiated by the office of the Sheriff.

**16.06** **INVOLUNTARY DEMOTIONS DUE TO ORDER OF COMMISSION OR COURT** :

In the event that an order of the Commission or a court of competent jurisdiction results in the forced or involuntary demotion of an employee, the employee so demoted shall be placed on a reinstatement list as prescribed under Rule 16.02, Section (c).

**16.07** **VOLUNTARY DEMOTION** :

(a) An employee promoted to the rank of detective, sergeant, lieutenant, or captain may request that he/she be voluntarily demoted and returned to the rank of from which he/she was last promoted. Any such request for a voluntary demotion must be made in writing to the Sheriff, with a copy to the employee's bureau commander and the Commission and must be received by the Sheriff before the end of the employee's promotional probationary period for the rank from which the demotion is sought.

(b) Upon receipt of the request for a voluntary demotion, the Director may make inquiry as he/she deems appropriate to ensure that the request was made voluntarily and in a timely manner. Unless the Director determines that the request was not made voluntarily or in a timely manner, the Commission will approve the voluntary demotion and order that it be effected forthwith.

(c) In the event that a request for a voluntary demotion is made after the employee's promotional probationary period has ended, such request may be approved by the Commission, but, if approved, the Commission will order the employee demoted to the rank of deputy and not the rank from which he/she was last promoted.

**16.08** **SENIORITY** :

(a) Seniority shall be calculated from:

    1. Date of hiring for entry-level positions.

    2. Date of promotions for Detective, Sergeant, Lieutenant and Captain.

(b) Seniority in rank is not lost due to a promotion to next higher rank.

Amended 2/94

# RULE 17

## INTRABUREAU TRANSFERS, INTERBUREAU TRANSFERS

17.01 **INTRABUREAU TRANSFERS** :

It is the responsibility of the Sheriff's designated Bureau Commander to insure the fulfillment of his Bureau's obligations to the public. This responsibility and the authority to schedule and assign personnel to fulfill that obligation shall not be abridged by this section. However, intrabureau assignments will not be made capriciously and/or maliciously but on demonstrable need. Employees feeling that they have been reassigned capriciously and/or maliciously shall have redress through the procedures set out in Rule 13.

17.02 **INTERBUREAU TRANSFERS** :

Interbureau transfers may be effected upon written request of the employee, or when the Sheriff may justify such transfer for the best interests of the Department. However, interbureau assignments will not be made capriciously and/or maliciously but on demonstrable need. Employees feeling that they have been reassigned capriciously and/or maliciously shall have redress through the procedures set out in Rule 13.

# RULE 18

## EMPLOYEE DEVELOPMENT

18.01    **EMPLOYEE DEVELOPMENT** :

It shall be the responsibility of the Sheriff and his staff to administer and conduct programs of in-service training and counseling and to insure effective utilization of employees in order to promote individual, group, and departmental efficiency.  The Sheriff and his staff shall cooperate with the Civil Service Commission, non-classified employees, and others in the classified service to promote in-service training of employees, to the end that the high standards and quality of services rendered to the county may be provided and that employees may be aided to equip themselves for advancement in the Sheriff's Department.  To accomplish these ends, cooperative arrangements with other public agencies including educational institutions, may be made by the Sheriff of his designee.

Unofficial Copy Office of Marilyn Burgess Harris County Clerk

**CIVIL SERVICE RIGHTS OF EXEMPT (UNCLASSIFIED) EMPLOYEES**

19.01    **EXEMPTIONS** :

Section 158.038 of the Civil Service Act grants the Sheriff authority to exempt certain positions from the Civil Service System.  Section 158.038 reads as follows:

Section 158.038 Exemptions

(a)  A person who is an employee of a department on the date that a civil service system is adopted under this subchapter in the department may not be required to take a competitive examination or perform any other act under this subchapter to maintain the person's employment.

(b)  The sheriff of a county with a population of more than 2,000,000 may designate as exempt from the civil service system:

   (1)  the position of chief deputy;

   (2)  one or more positions in the office of department legal counsel; and

   (3)  additional positions in the department, not to exceed 25 in number, that have been determined by the civil service commission to be administrative or supervisory positions; provided, however, that the sheriff may not designate as exempt any position in the deputy classifications of captain or below.  The designation of any such additional exempt position by the sheriff shall not diminish the number of positions within the deputy classifications of captain or below.

(c)  At the time a new sheriff takes office, an employee holding an exempt position may be transferred to the nonexempt position held by the employee immediately before being promoted to an exempt position.  A person who was not an officer in the department when appointed to an exempt position may be transferred only to an entry-level position in accordance with the system's civil service rules.

Amended 2/94